UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH RUSSELL JUDD,<br><br>    Plaintiff,<br><br>v.<br><br>SECRETARY OF THE COMMONWEALTH<br>OF MASSACHUSETTS, et al.,<br><br>    Defendants. | M.B.D. 11-94007-FDS |

## MEMORANDUM AND ORDER

SAYLOR, J.

### I.    Introduction

On May 27, 2011, plaintiff Keith Russell Judd—a prisoner in custody at FCI Texarkana in Texarkana, Texas, and an enjoined litigant in this Court—filed a self-prepared "Complaint for Declaratory Judgment and Preliminary Injunction; Elections-Voting." Judd sought to compel his placement on the State's 2012 Presidential Primary Election Ballot as a Democratic candidate for President of the United States. He also sought a declaratory judgment with respect to all convicted felons' right to vote in the presidential election, and requested preliminary injunctive relief.

On June 1, 2011, this Court issued a Memorandum and Order denying Judd's motion for leave to proceed *in forma pauperis* and dismissing this action. Thereafter, on June 20, Judd filed a motion for a total waiver of the filing fee, which this Court denied on June 28 by electronic order. That order rejected Judd's contention that his voting rights claim exempted him from the restrictions under the Prison Litigation Reform Act's three-strikes rule, 28 U.S.C. § 1915(g). Judd was prohibited from filing any further requests to proceed *in forma pauperis* in this action.

On June 20, Judd filed a "Notice of Motion Before Judicial Panel on Multidistrict Litigation to Transfer All Similar Action[s] to the United States District Court for the Western District of Arkansas Texarkana Division." On July 11, he filed a motion to reopen and stay proceedings pending a decision by the MDL panel.

On July 12, 2011, this Court issued a Memorandum and Order denying Judd's motion to reopen and/or stay this case and denying *in forma pauperis* status. Judd was prohibited from filing any further requests for relief, unless he paid the $350 filing fee or unless he provided evidence that the three-strike provision of 28 U.S.C. § 1915(g) has been deemed by a court to be unconstitutional as it applies to voting rights actions under the Twenty-Fourth Amendment.

On September 22, 2011, Judd filed a notice of appeal. Thereafter, on October 14, 2011, he filed an "Application for Waiver of Filing Fees and Costs on Appeal Under the Twenty-Fourth Amendment." He argues in his application that he has a right of access to the courts, and again reasserts his contention that the Twenty-Fourth Amendment's grant of the right to vote for President of the United States trumps application of the three-strikes rule of § 1915(g). He asserts that residency requirements do not apply, and that as a presidential candidate he has standing to bring his claims. He also re-asserts his contention that convicted felons have the right to vote in all federal presidential elections, and thus the Prison Litigation Reform Act does not apply to voting claims, and is unconstitutional as applied. Finally, he asserts that he is not a prisoner under 28 U.S.C. § 1915(h).

**II.    Analysis**

As a threshold matter, this Court construes plaintiff's application as a motion for leave to proceed on appeal *in forma pauperis*.

This Court has, on numerous occasions, rejected plaintiff's assertion that he is not subject to the three-strikes rule of 28 U.S.C. § 1915(g). He has not provided any relevant legal authority to support his claims, nor has he shown credible evidence that he is not a prisoner as defined by

28 U.S.C. § 1915(h), and this Court previously has rejected this assertion.  For all the reasons previously discussed extensively in this Court's Memorandum and Orders (Docket Nos. 4 and 10), and the Electronic Order of June 28, 2011, this Court finds that plaintiff's arguments asserted in his application for a fee waiver on appeal are frivolous and without merit.

Accordingly, plaintiff's "Application for Waiver of Filing Fees and Costs on Appeal Under the Twenty-Fourth Amendment" (*i.e.*, motion for leave to proceed on appeal *in forma pauperis*) will be denied.  Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), this Court finds, and will certify, that any appeal by plaintiff of the dismissal of this action and other rulings, would not be taken in good faith.  This certification prohibits *in forma pauperis* status on appeal even though plaintiff may be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.*  Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith. *Id.*  "[T]he applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674 (1958) (*per curiam*); *see also Wooten v. District of Columbia Metropolitan Police Department*, 129 F.3d 206, 208 (D.C. Cir. 1997).  A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  That is the case here. This Court finds that this action does not deserve additional judicial attention.

Should plaintiff seek to appeal the dismissal of this action or other rulings of this Court, he must pay the appellate filing fee or he must seek leave to proceed *in forma pauperis* directly from the United States Court of Appeals for the First Circuit.

A copy of this memorandum and order shall be transmitted to the Clerk's Office for the United States Court of Appeals for the First Circuit.

### III. <u>Conclusion</u>

For the foregoing reasons, it is hereby ordered that:

1. Plaintiff's "Application for Waiver of Filing Fees and Costs on Appeal Under the Twenty-Fourth Amendment" (construed as a Motion for Leave to Proceed on appeal *in forma pauperis*) is DENIED; and

2. This Court CERTIFIES that any appeal of the dismissal of this action or other rulings would not be taken in good faith.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 15, 2011